# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**


June 27, 1960

Honorable Joe Resweber
County Attorney
Harris County
Harris County Courthouse
Houston 2, Texas

Opinion No. WW-869

Re: What political subdi-
vision or agency of the
State is liable for the
cost of an election on
the question of the cre-
ation of a Junior College
District, and related
questions.

Dear Mr. Resweber:

Your recent request for an opinion from this office
reads as follows:

"The Commissioners Court of Harris County,
in accordance with the provisions of Secs. 17,
18, 19 and 20 of Art. 2815h of Vernon's Ann.
Civ. Statutes, has ordered an election to be
held throughout the area of five Independent
School Districts on May 31, 1960, to determine
whether or not there shall be created a Union
Junior College District; the election of a
Board of Seven Trustees for such district, and
whether a tax should be levied and collected
for the support and maintenance of such Union Jun-
ior College District. Inasmuch as the provisions
of Art. 2815h cited above contain no specific
directive as to who shall bear the expense of
the election, we have been requested to secure
the opinion of the Attorney General, as soon
as possible on the following questions:

"1. What political subdivision or agency
of the State is liable for the costs of such
election?

"2. What is the effect of an election
petition for a Union Junior College District
presented to and passed on by only the County
Board of Education of Harris County when a
part of one of the school districts encompass-
ed by the proposed Union Junior College lies

outside Harris County and within the bound-
aries of another county?"

Section 17, Article 2815h, Vernon's Civil Statutes, pro-
vides in part as follows:

"Sec. 17.  Two or more contiguous inde-
pendent school districts or two or more con-
tiguous common school districts, or a combi-
nation composed of one or more independent
school districts, with one or more common
school districts of contiguous territory, hav-
ing a combined taxable wealth of not less than
$9,500,000.00 and having a scholastic popu-
lation of not less than 7,000 the next preced-
ing school year, and not less than 400 students
in the last four years in the classified high
schools of said district, may, by vote of the
qualified voters of the said territory, estab-
lish and maintain a Union Junior College. . . ."

School Districts are quasi-public or municipal cor-
porations that derive their powers by delegation from
the State.  Independent School District of City of El
Paso v. Central Education Agency, 247 S.W. 2d 597.  The
Legislature, by providing that two or more school dis-
tricts may by vote establish a Union Junior College, was
not just outlining certain areas that might form Junior
College Districts.  It was granting these "state entities"
the authority and the right to establish them for the
benefit of the school districts and their school systems.

Section 18, Article 2815h, Vernon's Civil Statutes,
provides in essence, that whenever it is proposed to es-
tablish a Union Junior College, a petition praying for an
election must be presented, signed by ten percent of the
qualified taxpaying voters of each of the school districts
within the proposed territory.  This contemplates that each
such district, as a district, is required to take specific
steps, not by the existing school boards, but by the quali-
fied taxpaying voters of each of the districts within the
territory of the proposed Union Junior College.

In Attorney General's Opinion No. O-7187 (1946), it
was held that the expense of a special election to determine

whether or not a school district shall be annexed to a Junior College District should be paid by the district in which the election is held. The opinion seems to indicate that this is an election in connection with or incidental to a school district election and should be paid by the district in accordance with Article 2746b, Vernon's Civil Statutes. This Article provides:

> "All expenses incurred in connection with or incidental to any school district election in connected with the public school within such school district shall be paid out of the available maintenance fund belonging to such district for the fiscal year during which such election is held, or out of funds accruing to said district for the next ensuing fiscal year; provided, however, that the payment of any such expenses out of the funds accrued or to accrue to such school district for the fiscal year after the year in which such election is held shall be authorized by the county superintendent prior to the holding of such election. Acts 1935, 44th Leg., p. 135, ch. 55, § 3."

We think the same reasoning would apply to the election here involved, even though the method of calling the election may differ. In annexation to Junior College Districts, the County Board of Education or the Commissioners Court calls the election after a petition signed by five percent of the property taxpaying voters has been presented to them. (Article 2815h, Sec. 21). In the election here involved, the Commissioners Court calls the election.

Past Attorneys General Opinions seem to indicate that it does not matter who calls the election. If it involves a school district, they must bear the expense even though it is a special election. Opinions numbered 0-6683 (1945), 0-7187 (1946), 0-4919 (1942), 0-1323 (1939) and 0-623 (1939) hold that even though the County Judge calls the election, the school districts involved must bear the expense according to Article 2746b, Vernon's Civil Statutes.

We are therefore of the opinion that in answer to your first question, the Independent School Districts of

Channelview, Deer Park, Galena Park, LaPorte and Pasadena must pay the expense of such election in accordance with Article 2746b of Vernon's Civil Statutes.

We are cognizant of Opinion No. O-4170 (1941), which holds that Bexar County must pay the expense of holding the election to determine whether a Junior College District of Bexar County shall be created. This opinion involved Bexar County as a whole. It is reasoned that this was a called special election, therefore, the county should pay the expenses under Article 2943 (now Article 3.08, Election Code) and Article 2996 (now Article 7.12 Election Code). There were no school districts involved. This holding was correct and does not conflict with the result reached here.

Your second question again stated is:

"2. What is the effect of an election petition for a Union Junior College District presented to and passed on by only the County Board of Education of Harris County when a part of one of the school districts encompassed by the proposed Union Junior College lies outside Harris County and within the boundaries of another county? "

Section 18, Article 2815h, Vernon's Civil Statutes provides:

". . . In case of a Union Junior College District the petition shall be signed by not fewer than ten percent of the qualified tax-paying voters of each of the school districts within the territory of the proposed Union Junior College District and shall be presented to the County Board of Education or Boards of Education of <u>their respective counties if the territory encompasses more than one county</u>. In case there is no County Board of Education, the petition shall be presented to the Commissioners Court or Commissioners Courts of the county or counties involved. . . . It shall thereupon become the duty of the Board or Boards, or the Commissioners Court or Courts

so petitioned to pass upon the legality of
the petition and the genuineness of the same.
. . ." (Emphasis ours).

The Independent School Districts of Channelview,
Deer Park, Galena Park, LaPorte and Pasadena have peti-
tioned the County Board of Education of Harris County
for the establishment of a Union Junior College. The
Board passed upon the legality and genuineness of same
and forwarded the petition to the State Board of Educa-
tion in accordance with the statutes.

Your question, in effect, concerns the legal suffi-
ciency of the petition inasmuch as part of the LaPorte
School District lies in Chambers County and no petition
was filed in said county.

We are of the opinion that the presentation of the
petition only to the Board of Education in Harris County
was sufficient. There are approximately 5,250 acres of
submerged land in Galveston Bay that are in Chambers
County and the school district of LaPorte. All of this
acreage in Chambers County is covered with water except
for an island near the ship channel. This island was
built by dredging the channel and the entire area is un-
inhabited. The school district does not tax any property
in Chambers County. Even though the island is above the
surface, there is no property on the island that is taxed
and no real estate on the island that is taxed.

The LaPorte School District is now and has always
been under the supervision and control of the Harris
County Board of Education. Chambers County has never ex-
ercised any authority over this school district.

The situation here is unique. Although the statute
clearly states that if the territory encompasses more than
one county, the petition shall be presented to each county
board, we feel that this is unnecessary in the situation
here. There will be no election held in Chambers County.
There is no property in Chambers County that is taxed by
the school district and there are no citizens of Chambers
County attending the public schools of LaPorte. Because
of this, Chambers County will not be affected at this time.

This county would be uninterested and would lack the information necessary to determine the legality and genuineness of the petition if it were presented to it. The law does not contemplate doing a useless thing.

For these reasons, the petition presented only to the Board of Education in Harris County will suffice.

## SUMMARY

In an election by school districts to determine whether a Union Junior College shall be established, the expense of such election shall be paid by the school districts in accordance with Article 2746b, Vernon's Civil Statutes.

Under the facts as herein set forth, a petition to form a Union Junior College District presented only to the Harris County Board of Education is sufficient, even though part of one of the forming school districts is within another county.

Yours very truly,

WILL WILSON
Attorney General of Texas

James M. Farris
Assistant Attorney General

JMF:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Mary K. Wall
B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore